IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRISCHBERG and MICHELLE PEREZ<br><br>                    Plaintiffs,<br>vs.<br><br>GLOBAL SERVICE GROUP, LLC and JOHN DOE,<br><br>                    Defendants. | CIVIL ACTION<br><br>NO. 1:17-cv-04449-NLH-KMW |

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

/s/ Andrew M. Milz    .
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorney for Plaintiffs

**FLITTER MILZ, P.C.**
525 Rt. 73 South, Suite 200
Marlton, NJ 08053-9644

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.  FACTS AND PROCEDURAL HISTORY .............................................................. 2

III. LEGAL ARGUMENT .............................................................................................. 4

   A. Plaintiffs' well-pleaded TCPA claims support a full award of $21,500 each in statutory damages. .................................................................................................................. 4

   B. Plaintiffs' well-established claims under the FDCPA support the full award of $1,000 each in statutory damages. ............................................................................................ 7

   C. The attorneys' fees and costs are appropriate ..................................................... 10

IV.  CONCLUSION ...................................................................................................... 16

i

# TABLE OF AUTHORITIES

**Cases**

*Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) ..................... 9

*Bock v. Pressler & Pressler, LLP,* F. Supp. 3d ----, 2017 WL 2304643 (D.N.J. May 25, 2017)... 8

*Cablevision v. Lokshin*, 980 F. Supp. 107, 111 (E.D. N.Y. 1997) ..................... 4

*Crossley v. Leiberman*, 90 B.R. 682 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d Cir. 1989) ........... 11

*Daniels v. Hollister Corp.*,113 A.3d 796 (N.J. Super. Ct. App. Div. 2015) ................ 16

*DIRECTV, Inc. v. Pepe*, 431 F.3d 162 (3d Cir. 2005) ..................... 2, 9

*Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) ..................... 15

*Durr v. Rochester Credit Center*, U.S.D.C. E.D. Pa. Doc. No. 09-4232 ..................... 19

*Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009) ..................... 3, 9

*Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) ..................... 3, 8

*Gager v. Dell Fin. Serv., Inc.*, 727 F.3d 265 (3d Cir. 2013) ..................... 3, 5, 6, 15

*Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141, 161 (E.D. Pa. 2016) ..................... 9, 16

*Graziano v. Harrison*, 950 F.2d 107, 111–13 (3d Cir. 1991) ..................... 13

*Hamid v. Stock & Grimes, LLP*, 876 F.Supp.2d 500, 502 (E.D. Pa. 2012) ..................... 11

*Harlan v. Transworld Sys., Inc.*, 2015 WL 505400, (E.D. Pa. Feb. 6, 2015) ..................... 17

*Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ..................... 14

*Hoover v. A & S Collection Assocs., Inc.*, 2014 WL 2711036 (D.N.J. June 16, 2014) ........... 10, 15

*Jackson v. Midland Funding*, LLC, U.S.C.A. 3d Cir. Doc. No. 11-2176 ..................... 17

*King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015) ..................... 6

*Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993 (3d Cir. 2011) ..................... 5, 8, 15

*Meth v. ARM WNY, LLC*, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015) ..................... 11

*Millea v. Metro-N.R.Co.*, 658 F.3d 154, 169 (2d. Cir. 2011) ..................... 13

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003)......................... 6

*Morris v. I.C. Sys., Inc.*, 2009 WL 1362594 (E.D. Pa. May 15, 2009)........................... 13

*Munits v. D. Scott Carruthers Attorneys at Law*, 2011 WL 5075079 (E.D. Pa. Oct. 3, 2011)..... 15

*Nelson v. Select Financial Services, Inc.*, 2006 WL 1672889 at *2 (E.D. Pa. June 9, 2006)....... 12

*Richards v. Client Servs., Inc.*, 2015 WL 5836274, at *3 (M.D. Pa. Oct. 5, 2015)...................... 16

*Romeo v. Simm Assocs., Inc.*, 170 F. Supp. 3d 750, 753 (M.D. Pa. 2016) ................................... 13

*Warner v. Halstead Fin.*, U.S.D.C. E.D. Pa. Doc. No. 13-1744.................................................... 17

*Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031 (3rd Cir. 1996).................. 13

*Weiss v. Regal Collections*, 385 F.3d 337, 340 & n. 5 (3d Cir.2004)........................................... 11

## Statutes

15 U.S.C. §1692(a)...................................................................................................................7

15 U.S.C. § 1692a(6) ............................................................................................................... 8

15 U.S.C. § 1692e(11) ......................................................................................................... 3, 7

15 U.S.C. § 1692k(b)(1) .......................................................................................................... 8

15 U.S.C. §1692(c)................................................................................................................... 7

15 U.S.C. §1692e(11) .............................................................................................................. 8

47 U.S.C. § 227(b)(1)(A)(iii).................................................................................................... 5

47 U.S.C. § 227(b)(3) ............................................................................................................... 5

47 U.S.C. § 227(b)(3)(B) .......................................................................................................... 5

## Rules

Fed. R. Civ. P. 55(b) ................................................................................................................ 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRISCHBERG and MICHELLE PEREZ<br>            Plaintiffs,<br>vs.<br>GLOBAL SERVICE GROUP, LLC and JOHN DOE,<br>            Defendants. | CIVIL ACTION<br><br>NO. 1:17-cv-04449-NLH-KMW<br><br>**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT** |

**I.      INTRODUCTION**

Plaintiffs Daniel Frischberg and Michelle Perez filed a Complaint against Defendant debt collector Global Service Group, LLC for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. As set forth in the Complaint, Defendant called Plaintiffs on their cell phones to collect a fake payday loan that Plaintiffs never owed. Defendant continued calling despite knowing Plaintiffs did not owe the debt and despite Plaintiffs' repeated instructions to stop calling. Defendant also failed to adequately identify themselves as debt collectors. This conduct violated sections 1692e(2)(A) and (11) of the FDCPA as well as section 227(b)(1)(A)(iii) of the TCPA. Plaintiffs seek damages as well as statutory attorneys' fees and costs.

The Complaint was personally served on Defendant on June 23, 2017 as per the return of service. (ECF # 3). Defendant did not move, answer or otherwise appear in this action within the time provided under the Rules of Court. Consequently, on or about August 18, 2017, Plaintiff requested the Clerk to enter default, which was entered on November 3, 2017. Plaintiffs now move for the entry of default judgment.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs incorporate their Complaint (ECF #1, and Exhibit A hereto), the factual allegations of which are to be taken as true upon defendant's default. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (stating "factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment"). Briefly, Plaintiffs aver in their Complaint that they are a brother and sister who received autodialed collection calls over a bogus account that neither owed, in violation of the TCPA. All of these calls were made without Plaintiffs' consent, in violation of the TCPA. (Compl. at ¶¶2, 9). Defendants also violated the FDCPA, which prohibits misleading and harassing conduct in the effort to collect a debt. (Id.).

As set forth in the Complaint, each Plaintiff had a cellular telephone number assigned to a mobile phone that they carried on their person and regularly used and paid for. (Id. at ¶¶13–16). The Defendants began placing calls to Plaintiffs' cellular telephones (id. at ¶17), on or around April 3, 2017. (Ex. B, Certification of Daniel Frischberg at ¶2). Plaintiffs aver that they never had any account with GSG Defendants and had never even heard of GSG Defendants. (Compl. at ¶18). GSG Defendants indicated they were calling to collect an alleged pay day loan. Plaintiffs separately instructed GSG Defendants that they had no liability for the debt, and that GSG Defendants may not call their cell phones. (Id. at ¶19-22; Ex. B, Frischberg Cert. at ¶11-13; Ex. C, Perez Cert. at ¶3). Despite Plaintiffs' instruction, the GSG Defendants continued to make calls to Plaintiffs' cell phones, even though they knew they did not have consent to call Plaintiffs' cell phone numbers. (Compl. at ¶23-25).

2

Plaintiffs allege GSG Defendants called Plaintiffs' cellular telephones using an automated telephone dialing system or artificial or prerecorded voice. (Id. at ¶26). Indeed, the voicemails received by Plaintiffs stated:

> **Hello, this is Beth from Global Services, please call me back at 888-240-0182 regarding a personal matter. Thank you.**

(Id. at ¶27; see also Ex. B, Frischberg Cert. at ¶6-7). GSG Defendants made at least 15 illegal calls to each of the Plaintiffs. (Compl. at ¶30-31; Ex. B, Frischberg Cert. at ¶14; Ex. C, Perez Cert. at ¶3). These autodialed or prerecorded calls without consent, made willfully after knowing there was no consent, form the basis of Plaintiffs' claims under the TCPA. (Compl. at ¶30-32, 34-40); 47 U.S.C. §227(b)(1)(A)(iii); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013).

As exemplified in the above quoted recorded message, the GSG Defendants did not properly or completely identify themselves during each of its debt collection calls. (Compl. at ¶27-28). This is a well-established violation of the FDCPA, which requires callers to adequately identify themselves as debt collectors. (Id. at ¶40-45); 15 U.S.C. § 1692e(11); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009).

Plaintiffs allege that the GSG Defendants' calls and collection attempts caused, *inter alia*, aggravation and frustration, deprived Plaintiffs of the use of their phones, invaded their personal privacy, and wasted their time. (Compl. at ¶33). Nonetheless, in this motion, Plaintiffs seek those only those statutory damages provided by Congress for the above violations.[1]

---

[1] In addition to the two statutory claims, Plaintiffs assert claims for invasion of privacy. The Restatement (Second) of Torts 652B, comment d, recognizes that "when the telephone calls are repeated with such persistence and frequency that the behavior rises to the level of a substantial burden to one's existence such that his privacy is invaded." For purposes of this motion, Plaintiffs assert those tort claims are subsumed within their statutory claims under the FDCPA and TCPA.

3

### III. <u>LEGAL ARGUMENT</u>

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, upon proof of damages, judgment in a sum certain may now be appropriately entered against Defendant since it has failed to plead or otherwise appear in this matter with regard to the Complaint filed against it. Fed. R. Civ. P. 55(b). Although the Court may convene a hearing, default damages may also be decided on the papers. *Cablevision v. Lokshin*, 980 F. Supp. 107, 111 (E.D. N.Y. 1997). Because of the straightforward statutory damages sought, and because Defendant has already defaulted, Plaintiff submits the matter may be resolved on the documentary evidence and certifications. A hearing would only serve to add unnecessarily expended attorneys' fees to this matter.

As set forth below, Plaintiffs satisfy all of the prerequisites for obtaining a default judgment. Plaintiffs state well-recognized claims under both the FDCPA and TCPA. Further, Plaintiffs are entitled to the full measure of statutory damages under the FDCPA and TCPA as well as attorneys' fees and costs.

    **A.    Plaintiffs' well-pleaded TCPA claims support a full award of $21,500 each in statutory damages.**

*<u>Liability</u>.* "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013). The TCPA is a remedial statute, and as such is construed liberally for the benefit of consumers. *Id.* at 271 (citing *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011)). Under the TCPA, it is unlawful "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service" without the prior express consent of the called party.

4

47 U.S.C. § 227(b)(1)(A)(iii); *see also Sacchi v. Care One, LLC*, No. 14-698, 2015 WL 3966034, at *5 (D.N.J. June 30, 2015). On the facts alleged—and deemed admitted by virtue of Defendant's default—Defendant is liable to Plaintiffs for fifteen TCPA violations each, representing 15 telephone calls made to each of their cell phones.

Plaintiffs state well-recognized causes of action under the TCPA. Defendant placed multiple calls on Plaintiffs' cellular telephones using an automated telephone dialing system and/or conveyed artificial or prerecorded voice messages. (ECF #1, Compl. ¶¶ 17–19, 26). Although Defendant lacked Plaintiffs' "prior express consent," Defendant called Plaintiffs at least fifteen times each. (*Id.* ¶¶ 29–31). Plaintiffs repeatedly instructed Defendant to stop calling, but Defendant continued to make the harassing calls. (*Id.* ¶¶ 22–23). Plaintiffs are prepared to testify, if necessary, to the nature and extent of Defendant's unwanted and harassing phone calls. (*See* Exhibits B and C, Certifications of Daniel Frischberg and Michelle Perez, respectively.). This clearly supports a finding of a violation of the TCPA. *Gager*, 727 F.3d at 272.

***Damages for call #1.*** Plaintiffs are entitled to an award of $500 for each violation. *See* 47 U.S.C. § 227(b)(3)(B). These statutory damages are available even when there are no actual damages. *Sacchi*, 2015 WL 3966034, at *5 (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003)). Plaintiffs seek $500 for the *first call* to each of them.

***Damages for calls #2-15 (and beyond).*** However, because Defendants' subsequent calls were willful and knowing, this Court should treble the damages. *See* 47 U.S.C. § 227(b)(3) (authorizing up to three times the recovery for violations committed willfully or knowingly). Each call that followed the Plaintiffs' request to cease calling was made willfully and knowingly. *See e.g. King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015) (granting

summary judgment to plaintiff for treble damages of $1,500 per call, where willfulness was met when the caller continued to call a consumer after being told to stop). In other words, a violation is willful and knowing if the caller knew the recipient did not consent to the calls. *See id.* That is precisely the case here. The logic behind trebling for willful or knowing violations is simple: a caller who knows the recipient does not consent is more culpable than a caller who does not know.

Defendant's violations warrant the trebling of damages because they were willful and knowing. Defendant knew they did not have consent to call Plaintiffs' cell phones, and they were *repeatedly* told to stop calling. (Compl. ¶¶ 22–25). Even so, Defendant brazenly continued to call to collect a debt they knew Plaintiffs did not owe. (*Id.* ¶ 20–23). As a debt collector, Defendant certainly knew that the TCPA prohibited prerecorded or autodialed calls made without consent. (*Id.* ¶ 40). Defendant's knowledge of the illegality of its conduct is further supported by the fact that it has been sued for violating the TCPA in other matters. (*See, e.g.,* Exhibit D, Class Action Complaint in *Hofer v. Global Service Group, LLC*). What's more, Defendant's barrage of harassing calls were for the purpose of collecting on a fake payday loan that Plaintiffs did not owe. (*See* Compl. ¶ 19–20). The fact that Defendant continued calling despite Plaintiffs' objections demonstrates they committed these violations willfully and knowingly. *See King*, 113 F. Supp. 3d at 727. Plaintiffs Frischberg and Perez accordingly request the full measure of statutory damages under the TCPA for the (at least) 14 calls that followed that initial call: $21,000 each.

A claim for the full complement of TCPA statutory damages is well supported here. In total, the Plaintiffs' TCPA default judgment should be awarded as follows:

*Plaintiff Frischberg: $21,500*

*Plaintiff Perez: $21,500*

**B.     Plaintiffs' well-established claims under the FDCPA support the full award of $1,000 each in statutory damages.**

*Liability.* The FDCPA was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C. §1692(a); *Lesher v. Law Offices Of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir. 2011). Congress determined that "means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c); *Bock v. Pressler & Pressler, LLP,* 254 F. Supp. 3d 724 (D.N.J. 2017).

The FDCPA prohibits any false, deceptive, or misleading statement in the effort to collect a debt, which includes the debt collector's failure to adequately identify itself as a debt collector in communications to consumers. 15 U.S.C. § 1692e(11); *Foti v. NCO Fin. Sys., Inc.,* 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350 (11th Cir. 2009). Debt collectors who violate the FDCPA are strictly liable for their conduct. *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir. 2011); *Good v. Nationwide Credit, Inc.,* 55 F. Supp. 3d 742, 749 n.4 (E.D. Pa. 2014). Liability here is established by Defendant's default, which constitutes an admission of the facts alleged in the Complaint. *See DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005) (stating "factual allegations in a complaint, other

than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

Plaintiffs state well-recognized causes of action under the FDCPA. Defendant Global Service Group, LLC is a debt collector. (*See* Compl. ¶ 10); 15 U.S.C. § 1692a(6). Defendant placed multiple calls on Plaintiffs' cellular telephones in an effort to collect an alleged payday loan debt. (Compl. ¶¶ 17–19). Plaintiffs had <u>no liability</u> for any such debt, and Defendant knew this was the case. (*Id.* ¶¶ 18, 20–21). Defendant also failed to adequately identify itself as a debt collector in its pre-recorded message; the message speaks for itself – in no way does "Beth from Global Services" indicate that Global is a debt collector and that "any information will be used for [debt collection] purposes." (*Id.* ¶¶ 28, 43); 15 U.S.C. §1692e(11). Plaintiffs are prepared to testify to these facts should they be called. (*See* Exhibits B and C).

**<u>*Damages.*</u>**  As compensation for Defendant's unlawful conduct under the FDCPA, Plaintiff requests statutory damages. Under section 1692k of the FDCPA, statutory damages in an amount up to $1,000 are awardable for violations. The FDCPA provides a non-exclusive list of factors to aid the Court in its determination of the appropriate amount of statutory damages, which include "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, Defendant's misconduct warrants the full $1,000 statutory damages for each Plaintiff. Defendant harassed Plaintiffs with repeated calls to collect on a debt that did not even belong to them. (Compl. ¶¶ 17–20.).[2] Defendant *knew* Plaintiffs did not owe the debt. (*Id.* ¶ 21). Defendant called each Plaintiff at least fifteen times, all without Plaintiffs' consent. (*Id.* ¶¶ 29–

---

[2] If the Court requires a damage hearing, Plaintiffs reserve the right to seek actual damages for their aggravation and emotional distress suffered as a result of the harassing collection calls. However, for the purposes of this motion, Plaintiffs consider those damages subsumed within their request for relief under the TCPA.

8

31). When making these calls, Defendant did not adequately identify itself as a debt collector despite the clear statutory obligation to do so. (*Id.* ¶¶ 28, 43). Global has been sued for this very violation in the past. (See Ex. D).

This Court has awarded the full statutory damages in similar circumstances. Judge Wigenton held $1,000 was appropriate where the debt collector made merely three calls in which it failed to adequately identify itself as a debt collector. *See Hoover v. A & S Collection Assocs., Inc.*, No. 13-05852, 2014 WL 2711036, at *2–3 (D.N.J. June 16, 2014). Similarly, Judge Shipp awarded the full statutory damages where the plaintiff alleged the debt collector left a telephone message in which it failed to identify itself as a debt collector and sought to collect on a debt that was already paid. *See Meth v. ARM WNY, LLC*, No. 14-1613, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015). By contrast, Defendant here is not only on tape having failed to identify itself as debt collector, but they also harassed Plaintiffs with multiple phone calls to their cell phones—on a debt they never owed—and Defendant continued the phone calls despite Plaintiffs' repeated requests to stop, a violation it had been sued upon in the past. Defendant's persistent misconduct warrants the full measure of statutory damages.

Awarding Plaintiffs $1,000 each in statutory damages is consistent with the purposes of the FDCPA. The FDCPA was intended to encourage consumers to bring actions against collectors who violate the Act, even absent actual damages. "Plaintiffs may collect statutory damages under the FDCPA even if there are no actual damages." *Hamid v. Stock & Grimes, LLP*, 876 F.Supp.2d 500, 502 (E.D. Pa. 2012) (citing *Weiss v. Regal Collections*, 385 F.3d 337, 340 & n. 5 (3d Cir.2004)). Awarding full statutory damages encourages consumers to stand up for their rights, begin to redress a debt collector's wrong, and reinforces the remedial nature of the FDCPA. *See Crossley v. Leiberman*, 90 B.R. 682 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d

Cir. 1989). Awarding only a nominal statutory damage would not send the needed and appropriate message to the offending debt collector, nor properly reward consumers.[3]

In *Nelson v. Select Financial Services, Inc.*, 2006 WL 1672889 at *2 (E.D. Pa. June 9, 2006), the court found the debt collector's cavalier attitude toward its FDCPA obligation supported a full award of $1,000. Similarly here, although Defendant was persistent in its efforts to collect money from Plaintiffs *for a debt they did not even owe*, Defendant—now facing civil liability for its illegal collection tactics—has done *nothing* to address this conduct. Defendant's counsel called about this matter and confirmed receiving the Complaint, offering a mere $1,000.00 total to both Plaintiffs to settle all their claims. Apart from that, Defendant did nothing. (*See* Exhibit E, Certification of Andrew Milz at ¶ 36-37).

In sum, the nature of Defendant's violation and its apparent low regard for the federal laws that governs its business support a full award of statutory damages and counsel fees. Nothing less will be sufficient to get Defendant's attention and compliance. *Cf. Nelson*, 2006 WL 1672889 at *2. **Each Plaintiff should be awarded $1,000 in statutory damages under the FDCPA.**

C.   **The Attorneys' fees and costs are appropriate**

The FDCPA encourages enforcement through "private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 111–13 (3d Cir. 1991). Section 1692k(a)(3) of the FDCPA permits the award of "costs of the action, together with a reasonable attorney's fees as determined by the court." Our Court of Appeals has held an award of counsel fees to a prevailing FDCPA Plaintiff to be mandatory, absent unique circumstances not present here. *Graziano*, 950 F.2d at 113.

---

[3]   The $1,000 limit on statutory damages has not been raised since the enactment of the FDCPA in 1977. Senate Report No. 95-382, U.S. Senate (Aug. 2, 1977). In 1977, $1,000 had the present buying power of approximately $4,000. *See, e.g.*, https://www.dollartimes.com/inflation/inflation.php?amount=1000&year=1977.

10

There is no proportionality rule in assessment of statutory attorney's fees. *See Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031 (3rd Cir. 1996); *Morris v. I.C. Sys., Inc.*, 2009 WL 1362594 (E.D. Pa. May 15, 2009) (FDCPA case). In fact, "[t]he whole purpose of fee-shifting statutes [such as the FDCPA] is to generate attorneys' fees that are <u>disproportionate</u> to the Plaintiff's recovery." *Romeo v. Simm Assocs., Inc.*, 170 F. Supp. 3d 750, 753 (M.D. Pa. 2016) (quoting *Millea v. Metro-N.R.Co.*, 658 F.3d 154, 169 (2d. Cir. 2011)) (emphasis and brackets in original).[4]

**_Lodestar._** As provided in the attached Certification of Andrew M. Milz, Exhibit "E" hereto, Plaintiff seeks $8,091.00 in attorneys' fees and $453.91 in costs in bringing this action, inclusive of the preparation and filing of the within Motion. The firm's timesheet is attached to Mr. Milz's Certification, and reflects billing which is usual and customary in this type of consumer litigation.[5]

As set forth in Exhibit "1" attached to Mr. Milz's Certification, Plaintiffs' legal counsel spent an aggregate of 26.9 hours on this matter for a lodestar of $8,091.00. The legal fees and costs include meeting with the clients, investigating the Defendant and potential legal claims against it, researching similar lawsuits against this Defendant; preparing the complaint and cover sheets; reviewing them with the clients; filing and serving the complaint; communications with Defendant's counsel; moving for the entry of default; and now moving for the entry of default

---

[4] Defendant has defaulted and has no basis to object to the reasonable fee request here. In evaluating a fee petition, "[a] court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell, Intern., Inc.*, 426 F.3d 694, 711 (3d Cir. 2005). "Courts have applied these principles even where a default judgment has been entered against the defendant." *See, e.g., Munits v. D. Scott Carruthers Attorneys at Law*, 2011 WL 5075079, at *3 (E.D. Pa. Oct. 3, 2011), *r & r adopted*, 2011 WL 5061353 (E.D. Pa. Oct. 24, 2011) (FDCPA matter, collecting cases); *cf. McDonald v. McCarthy*, 966 F.2d 112, 118–19 (3d Cir. 1992) (holding that a court may not reduce requested attorney's fees if the defendant fails to object to the accuracy and reasonableness of the request—i.e., if the fee petition is unopposed).

[5] Plaintiffs do not seek attorney fees for the 0.5 hours of work expended on the case by attorney Cary L. Flitter, whose hourly rate is $675. (Ex. E, Milz Cert. at 32).

11

judgment along with fees and costs (with attendant certifications and exhibits). (Ex. E, Milz Cert. at ¶33-34).[6]

The time was spent on both the FDCPA (fee shifting) and TCPA (non-fee shifting) claims. These claims are interrelated – both focus on the illegal calls with prerecorded messages, and involve similar claims for emotional distress and aggravation damages (which, for purposes of this motion, Plaintiffs concede are subsumed within the TCPA statutory damage amount set by Congress). (Id.). As such, this Court need not mechanically apportion fees based on time spent on TCPA claims versus FDCPA claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983). Nonetheless, the $8,091 sought here is reasonable compared to similar FDCPA-only cases where there was no interrelated TCPA claim for phone harassment. *See e.g. Hoover v. A & S Collection Assocs., Inc.*, 2014 WL 2711036 (D.N.J. June 16, 2014) (awarding $5,457.51 in fees and costs on default in case involving FDCPA Section 1692e(11) violation only); *Munits v. D. Scott Carruthers Attorneys at Law*, 2011 WL 5075079 (E.D. Pa. Oct. 3, 2011) ($6,607.95 for 22.5 hours spent on FDCPA only default judgment).

***Hourly rate.*** Plaintiffs seek Mr. Milz's lodestar at $375 per hour for 13.4 hours of his work. Mr. Milz's certification establishes his expertise in federal consumer protection law, including the FDCPA and the TCPA. He has successfully represented the consumers in appeals addressing important issues of first impression: *Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993 (3d Cir. 2011) (misrepresentation of attorney involvement in mass-produced collection duns), *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (placement of account numbers in window envelopes violates privacy provisions of FDCPA) and *Gager v. Dell Fin. Serv., Inc.*, 727 F.3d 265 (3d Cir. 2013) (holding consumer's consent to receive robo-calls

---

[6] Attorneys' fees incurred in filing fee applications are recoverable. *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980).

12

revocable under Telephone Consumer Protection Act), among other cases. He has been invited to speak at national consumer law conferences on the FDCPA and TCPA, doing so twice in 2017. (*See* Exhibit E at ¶¶ 9–15). In 2016 he presented and coauthored *Evolving Issues in Fair Debt Collection: FDCPA, TCPA and Beyond.* Mr. Milz has been invited to local U.S. military installations to train JAG officers on providing legal assistance to U.S. service members facing unfair or abusive debt collection. (*Id.*).

Mr. Milz's present hourly rate of $375.00 was submitted to and considered by Judge Craig Wellerson when he granted final approval to the class settlement and fee award in *Daniels v. Hollister Corp.*, N.J. Super. Ct. Ocean Co. No. OCN-L-2310-12 (final approval dated Mar. 3, 2017); *prior proceedings at* 113 A.3d 796 (N.J. Super. Ct. App. Div. 2015) (affirming trial court's class certification on contest). Mr. Milz's current hourly rate is also supported by numerous incremental increases approved by judges in the Third Circuit over the years. (*Id.* at ¶¶ 20–26); *see e.g. Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141, 161 (E.D. Pa. 2016) (approving 2016 rate of $345 per hour in FDCPA matter, Philadelphia market); *Richards v. Client Servs., Inc.*, No. 14-1402, 2015 WL 5836274, at *3 (M.D. Pa. Oct. 5, 2015) (approving 2015 rate of $325 per hour in FDCPA matter, Wilkes-Barre, PA market); *Harlan v. Transworld Sys., Inc.*, No. 13-5882, 2015 WL 505400, at *11 (E.D. Pa. Feb. 6, 2015) (FDCPA matter applying 2014 rates and holding: "$305 an hour for Mr. Milz—[is] reasonable given the current market rates in the region for . . . an experienced associate."); *Warner v. Halstead Fin.*, U.S.D.C. E.D. Pa. Doc. No. 13-1744 (ECF Doc. No. 7; order granting default judgment approving 2013 rate of $285, dated Aug. 6, 2013); *Jackson v. Midland Funding*, LLC, U.S.C.A. 3d Cir. Doc. No. 11-2176 (order granting application for attorney fees dated May 4, 2012) (Sloviter, J., approving

2012 rate of $265 after winning affirmance of FDCPA matter arising from DNJ Camden vicinage).

Plaintiffs also seek attorney Jody Thomas López-Jacobs' lodestar at $240 per hour for 12.1 hours of work. Mr. López-Jacobs began working at Flitter Milz as an Associate in September 2017. Prior to working at Flitter Milz, Mr. López-Jacobs served as a Judicial Law Clerk for the Honorable Mark A. Kearney of the U.S. District Court for the Eastern District of Pennsylvania. Before his judicial clerkship, Mr. López-Jacobs volunteered to teach in South America and served as both a law clerk and attorney for Friedman & Houlding, LLP, a civil rights law firm in New York. Mr. López-Jacobs graduated from Temple University Beasley School of Law in the top 10% of his class with *Magna Cum Laude* honors, which also earned him an invitation to the Order of the Coif, a national honorary scholastic society. During law school, Mr. López-Jacobs won 2nd place in a national writing competition overseen by the American Bar Association, served on the Editorial Board of the Temple Law Review, and published his original legal scholarship in the Temple Law Review. (See Exhibit F, Lopez-Jacobs Cert.; Ex. E, Milz Cert. at ¶ 28).

In support of counsels' rates, Plaintiff also submits the Certification of Charles Riley, an experienced consumer protection practitioner in the South Jersey market. Mr. Riley testifies that the rates sought by the Flitter Milz, PC firm are reasonable and are in keeping with those commonly charged by experienced commercial litigation counsel and staff with commensurate experience at the bar of this Court. (See Exhibit G, Riley Cert. at ¶¶ 11–16).

Counsels' rates also comport with the Community Legal Services ("CLS") fee schedule as of February 15, 2017. (*See* Exhibit H, CLS Fee Schedule, *available at*

14

http://clsphila.org/about-cls/attorney-fees.)[7] Mr. Milz has been practicing law for approximately 9.5 years. Although Mr. Milz's rate of $375 is above the provided range for attorneys with 6–10 years of experience ($270–$340), his considerable experience in consumer litigation matters—as author, lecturer and advocate—warrant the $375 hourly rate. (*See id*).[8] Mr. López-Jacobs' rate of $240 is well within the suggested rate for an attorney with his experience ($220–$255). (*See id.*).

Plaintiffs also seek the rate of $180.00 per hour for 0.9 hours performed by experienced legal assistant Joan Raughley. Ms. Raughley has over 35 years' experience as a legal assistant, and her rate of $180.00 is a fair and appropriate hourly rate for her services. *See Durr v. Rochester Credit Center*, U.S.D.C. E.D. Pa. Doc. No. 09-4232 (Final Judgment and Order of Dismissal dated March 5, 2013) (FDCPA class action case approving Ms. Raughley's four-year-old hourly rate of $180.00).

A summary of the legal fees and costs incurred by the Flitter Milz firm (and considering the reductions of time discussed above) is as follows:

| **Lawyer** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| Andrew M. Milz, Partner (AMM) | 13.40 | $375.00 | $5,025.00 |
| Jody López-Jacobs Associate (JLJ) | 12.10 | $240.00 | $2,904.00 |

---

[7] This Court has relied on a previous version of the CLS fee schedule in a separate FDCPA case. *See Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 470 (D.N.J. 2012).

[8] It is important to note that CLS discloses that its attorney fee schedule neither accounts for the contingent nature of representation, nor an attorney's knowledge and experience in specialized area of litigation. *See E.C. v. Sch. Dist. of Philadelphia*, 91 F. Supp. 3d 598, 606 (E.D. Pa. 2015) ("[T]he CLS fee schedule, standing alone, may not adequately reflect the skills and experience of [the attorneys] because the CLS fee schedule does not take into account any specialized skills. . . ."), *aff'd sub nom. E.C. v. Philadelphia Sch. Dist.*, 644 F. App'x 154 (3d Cir. 2016). Yet the law is clear that Courts must determine an appropriate fee award based on an attorney's particular "skill, experience, and reputation." *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001).

| | | | |
|---|---|---|---|
| Joan M. Raughley, Legal Assistant (JMR) | 0.9 | $180.00 | $162.00 |
| Total Billed Professional Time | — | *** | $8,091.00 |
| **TOTAL LODESTAR** | $8,091.00 | | |

See Exhibit E, Milz Cert. ¶ 32.

Thus, pursuant to the FDCPA, this Court should enter Judgment in favor of Plaintiffs and against Defendant for the amount of the legal fees and costs incurred in this matter to date.

### IV.   CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Entry of Judgment should be granted, and Judgment should be entered against the Defendant and in favor of the Plaintiff Daniel Frischberg in the amount of $22,500 in damages ($21,500 under the TCPA + $1,000 under the FDCPA); in favor of Plaintiff Michelle Perez in the amount of $22,500 in damages ($21,500 under the TCPA + $1,000 under the FDCPA); and for attorneys' fees of $8,091.00 and costs of $453.91. A form of Order (judgment) is appended.

Date: 11/30/17

/s/ Andrew M. Milz
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorney for Plaintiffs

**FLITTER MILZ, P.C.**
525 Rt. 73 South, Suite 200
Marlton, NJ 08053-9644