# Exhibit A

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL FRISCHBERG and MICHELLE PEREZ

(b) County of Residence of First Listed Plaintiff: Camden
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew M. Milz, Esq., Flitter Lorenz, P.C. 525 Route 73 South, Suite 200, Marlton, NJ 08053 (856-396-0600)

## DEFENDANTS
GLOBAL SERVICE GROUP, LLC and JOHN DOE

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. 227
Brief description of cause:
Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 6/19/17
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRISCHBERG and MICHELLE PEREZ<br>Plaintiffs,<br>vs.<br>GLOBAL SERVICE GROUP, LLC and JOHN DOE,<br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by two consumers for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), and state law.

2. Defendants harassed the Plaintiffs with autodialed collection calls over a bogus account that neither owed in violation of the TCPA. All of these calls were made without Plaintiffs' consent in violation of the TCPA. Defendants also violated the FDCPA, which prohibits misleading and harassing conduct in the effort to collect a debt.

3. Defendants harassed the Plaintiffs with repeated autodialed collection calls to their cell phones, in violation of the TCPA and FDCPA.

### II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiffs' TCPA and FDCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

6. Venue in this Court is proper in that Plaintiffs reside here, the conduct complained of occurred here, and the Defendants transact business here.

### III. PARTIES

7. Plaintiff Daniel Frischberg is a natural person residing in Cherry Hill, NJ.

8. Plaintiff Michelle Perez is a natural person residing in Cherry Hill, NJ.

9. Plaintiffs are brother and sister.

10. Defendant Global Service Group, LLC ("Defendant" or "GSG") is a company located in Chicago, Illinois, the principal purpose of which is to assist other companies in managing and collecting overdue accounts. See http://globalsvcgroup.com/. GSG is a debt collector pursuant to the FDCPA.

11. John Doe is the agent of GSG, is currently unknown, and will be determine through additional investigation and discovery.

12. Defendants will be referred to collectively as "GSG Defendants."

### IV. FACTUAL ALLEGATIONS

13. Plaintiff Daniel Frischberg has a cellular telephone number assigned to a mobile phone that he carries on his person and regularly uses.

14. At all relevant times, Frischberg's phone number was assigned to a cellular telephone service that he used and paid for.

15. Plaintiff Michelle Perez has a cellular telephone number assigned to a mobile phone she carries on her person and regularly uses.

16. At all relevant times, Perez's phone number was assigned to a cellular telephone service that she used and paid for.

17. Within the past four years, GSG Defendants began placing calls to Plaintiffs' cellular telephones.

18. Plaintiffs never had any account with GSG Defendants. Indeed, neither had ever even heard of GSG Defendants.

19. During these calls, GSG Defendants indicated they were calling to collect an alleged pay day loan.

20. Plaintiffs have no liability for any such debt.

21. GSG knew that Plaintiffs have no liability for any such debt.

22. Plaintiffs separately instructed GSG Defendants that they had no liability for the debt, and that GSG Defendants may not call their cell phones.

23. Despite Plaintiffs' instruction, the GSG Defendants continued to make calls to Plaintiffs' cell phones.

24. At no time did GSG Defendants have consent to call Plaintiffs' cellular phones.

25. GSG Defendants knew they did not have consent to call Plaintiffs' cell phone numbers.

26. GSG Defendants called Plaintiffs' cellular telephones using an automated telephone dialing system or artificial or prerecorded voice.

27. One of the voicemails Plaintiff Frischberg received said, in its entirety:

3

> Hello, this is Beth from Global Services, please call me back at 888-240-0182 regarding a personal matter. Thank you.

28. The callers, the GSG Defendants, did not properly or completely identify themselves during each of its calls.

29. Plaintiffs did not consent to any of the calls that are the subject of this case.

30. GSG Defendants made at least 15 illegal calls to Plaintiff Frischberg.

31. GSG Defendants made at least 15 illegal calls to Plaintiff Perez.

32. The illegal telephone calls made by GSG Defendants were intentionally, willfully, and knowingly initiated.

33. Plaintiffs were substantially damaged and harmed by the violations alleged herein. GSG Defendants' calls and collection attempts caused aggravation and frustration, deprived Plaintiffs of the use of their phones, invaded their personal privacy, and wasted their time. Additionally, Plaintiffs' incurred a reduction in their cellular battery life as a result of GSG Defendants' calls.

## STATEMENT OF CLAIM

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

35. The acts and omissions by Defendants above constitute violations of the Telephone consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii).

36. For example, Defendants violated the TCPA when it used an automatic telephone dialing system to call Plaintiffs' cellular telephone without consent.

4

37. Additionally, Defendants violated the TCPA by calling Plaintiffs' cell phone and played prerecorded or automated messages.

38. As a result of Defendants' actions, Plaintiffs are entitled to an award of actual damages or $500.00, whichever is greater, for each such violation and an injunction prohibiting future conduct in violations of the TCPA.

39. Plaintiffs were damaged by these violations.

40. Defendants' violations were committed willfully and knowingly. Defendants knew that they did not have Plaintiffs' consent to call, and knew that the TCPA prohibited its prerecorded and autodialed calls, but made the calls to Plaintiff in spite of this.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants for the following:

    a. Statutory damages for each call, pursuant to the TCPA;

    b. A declaration that Defendants' calls violate the TCPA and must cease;

    c. Such other and further relief as the Court shall deem just and proper.

### COUNT TWO: FAIR DEBT COLLECTION PRACTICE ACT

40. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

41. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, prohibits unfair acts and omissions in connection with collection of a debt

42. Defendants' actions and omissions as described above violate the FDCPA.

43. For example, it was a violation of the FDCPA for GSG not to adequately identify itself as a debt collector in its voicemails and calls to Plaintiffs. 15 U.S.C. §1692e, e(11).

44. Plaintiffs were damaged by these violations.

45. Defendants' actions and omissions as described above are otherwise deceptive, unfair, and constitute violations of the FDCPA.

**WHEREFORE,** Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, as follows:

    a. Statutory and actual damages under the FDCPA;

    b. Costs of suit, and attorney's fees; and any other relief the Court finds proper.

    c. Such other and further relief as the Court shall deem just and proper.

## COUNT THREE – INVASION OF PRIVACY

46. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

47. Defendants, through their conduct, have repeatedly and intentionally invaded Plaintiffs' privacy.

48. Defendants' tactic of repeatedly auto dialing Plaintiffs, despite demands for the calls to stop, is highly offensive to a reasonable person.

49. Defendants intentionally intruded upon each Plaintiffs' solitude and seclusion.

50. As a result of Defendants' action or inaction, Plaintiffs have each been damaged.

51. The repetitive, auto-dialed calls to Plaintiffs have caused emotional harm and distress, embarrassment, humiliation, and other losses.

52. The calls to Plaintiffs by Defendants are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, as follows:

    a. Damages;

      b.    Punitive damages;

      c.    Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury as to all issues so triable.

                                                                       Respectfully submitted:

Date: 6/19/17

                                                                       CARY L. FLITTER
                                                                       ANDREW M. MILZ

                                                                       **FLITTER MILZ, P.C.**
                                                                       525 Rt. 73 South, Ste. 200
                                                                       Marlton, NJ 08053-9644

                                                                       **Attorneys for Plaintiffs**